**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY McCLELLAN,

    Plaintiff,

    v.

BEN CURRY; et al.,

    Defendants.
                                                              /

No. C 09-526 SI (pr)

**ORDER OF DISMISSAL**

    Gregory McClellan, formerly an inmate at CTF-Soledad and now an inmate at Wasco State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. He alleged in his complaint that he was denied access to outdoor exercise when CTF-Soledad was put on lockdown following an assault on staff. His complaint is now before the court for initial review under 28 U.S.C. § 1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    A prisoner must exhaust administrative remedies before filing a civil rights action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

1   Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
2   administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The State of
3   California provides its inmates and parolees the right to appeal administratively "any
4   departmental decision, action, condition or policy perceived by those individuals as adversely
5   affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available
6   administrative remedies within this system, a prisoner must proceed through several levels of
7   appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3)
8   second level appeal to the institution head or designee, and (4) third level appeal to the Director
9   of the California Department of Corrections.  See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81,
10  85-86 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

11      Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may
12  be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and
13  "no exception to exhaustion applies."  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

14      Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534
15  U.S. 516, 524 (2002).  All available remedies must be exhausted; those remedies "need not meet
16  federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Even
17  when the prisoner seeks relief not available in grievance proceedings, notably money damages,
18  exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Prisoners
19  cannot avoid the administrative exhaustion requirement by requesting relief not available in the
20  appeals system, such as monetary relief, or by simply declaring the process futile.

21      The complaint and attachments plainly show that McClellan did not exhaust his
22  administrative remedies before filing this action.  McClellan affirmatively stated that he did not
23  exhaust, but stated that he would suffer if not allowed outdoor exercise. Complaint, p. 2.  There
24  is no exception to exhaustion for this problem.  The attachment to the complaint shows that his
25  inmate appeals never proceeded to the director's level or received a decision at that level; indeed,
26  his inmate appeal was signed just one day before he mailed his civil rights complaint to the court,
27  which was less than three weeks after the denial of exercise started.
28

2

McClellan conceded that he had not completed the California inmate appeal process before filing this action. This action therefore is dismissed without prejudice to McClellan filing a new action after he exhausts his administrative remedies.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 28, 2009

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California